**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JUSTIN FISCHER** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:21-cv-418** |
| | § | |
| | § | **Jury Demanded** |
| **BEXAR COUNTY, TEXAS** | § | |
| **BY AND THROUGH ITS AGENT** | § | |
| **THE BEXAR COUNTY DISTRICT** | § | |
| **ATTORNEY'S OFFICE** | § | |
| | § | |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **JUSTIN FISCHER**, hereafter referred to as "Mr. Fischer" or "Plaintiff," and files this, his Original Complaint and Jury Demand against Defendant Bexar County, Texas by and through its agent The Bexar County District Attorney's Office, ("Bexar County", or "Defendant"). Mr. Fischer alleges violations of Americans with Disabilities Act of 1990 (ADA) as Amended, the Rehabilitation Act, and claims related to disability and retaliation under the the Texas Labor code, in addition to claims for retaliation   under the Texas Worker's Compensation Act at §451.001 et seq.   For causes of action, Mr. Fischer would show this Court as follows:

### I.
### PARTIES

1.     Plaintiff **JUSTIN FISCHER** is a resident of San Antonio, Bexar County, Texas.

2.     Defendant, **BEXAR COUNTY, TEXAS BY AND THROUGH ITS AGENT THE BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE**, is a political subdivision of the

1

state of Texas.   Citation may be served upon Defendant by delivery of citation to: Bexar County

Judge Nelson W. Wolff, 101 W. Nueva 10th Floor San Antonio, Texas 78205.   A waiver of service

has been requested.

## II.
## JURISDICTION AND VENUE

3.      The Court has jurisdiction to hear the merits of Fischer's claims under 28 U.S.C.

§1331 as they arise under federal statutes, specifically the Americans with Disabilities Act and the

Rehabilitation Act.

4.      This Court has supplemental jurisdiction over Plaintiff's state law claims under 28

U.S.C. §1367.

5.      All the acts alleged herein occurred in Bexar County, Texas.

6.      Venue in this district and division is proper under 28 U.S.C. § 1391(b)(2).

7.      At the time of filing, damages are within the jurisdictional limits of the court.

## III.
## MISNOMER / MISIDENTIFICATION

8.      If any parties are misnamed or are not included herein, it is Plaintiff's contention

that such was a "misidentification," "misnomer," and/or such parties are/were "alter "egos of

parties named herein.   Alternatively, Plaintiff contends that such "corporate veils" should be

pierced to hold such parties properly included in the interest of justice.

## IV.
## FACTS

9.       Plaintiff Justin Fischer was hired by Defendant Bexar County, Texas to work as a

"Prosecutor III" Assistant District Attorney on or about January14, 2019.   Fischer worked as the

second-chair Assistant District Attorney to First Chair Andrew Fields.

2

10.    Fischer worked in the special crimes division and was responsible for reviewing white collar cases, officer involved shootings, elder fraud, and other cases.   His initial supervisor was Christine del Prado.

11.    During the time that Fischer worked under del Prado he did not receive any performance reviews in oral or written form.

12.    On or about October 22, 2019, Fischer fell on the job and sustained a closed head injury.   He had to spend four days in the hospital and was diagnosed with post-concussion syndrome. As a result of this incident, Fischer filed for and received benefits under the Texas Worker's Compensation Act.

13.    Following this injury, Fischer had migraine headaches, headaches, depression, agitation, and anger that were attributed to the work injury by his doctors.

14.    As a result of this incident, Fischer had limitations to several major life activities including concentration, interacting with others, regulating his emotions, and sight.

15.    In mid-January 2020, Fischer was cleared by his physicians to return to work part-time.   Upon his return, he was moved from special crimes to intake since he could only work part time and a full-time attorney was needed for the special crimes position.

16.    Fischer informed his First Chair Attorney Andrew Fields and his Supervisor Jamissa Jarmon about his medical conditions.   He specifically asked for an accommodation limiting bright lights due to the lights aggravating his condition and he informed his supervisors that his condition caused some physically and mentally related emotional and ger issues.

17.    In felony intake, Fischer was responsible for reviewing felony non-family violence cases to determine if there was sufficient evidence to present an indictment to a grand jury.   He

would investigate cases, call witnesses and victims, and request and review evidence.

18.     As time went on, Fischer gradually moved from part time to full time, while remaining in the intake position.

19.     During the time that Fischer worked under Fields and Jarmon, he did not receive any performance reviews in oral or written form.

20.     All second and third chair felony attorneys in the Bexar County District Attorney's office are required to work a week on an overnight shift on magistrate duty from 11 pm to 7am.

21.     When working on that shift, the prosecutors will interact with law enforcement agencies to determine if there is sufficient evidence for suspects to be arrested and to help determine what a proper bond should be.

22.     Attorneys working for the DA's office can work overtime on these shifts on weekends and holidays also.

23.     From July 2020 until his eventual termination on or about October 2, 2020, Fischer requested work on these shifts.   He worked at the South Tower at the jail and at the Frio Street Magistrate's office.

24.     On or about September 2020, Daryl Harris became Fischer's Supervisor.   Fischer advised Harris about his medical conditions and their effects.

25.     In early September 2020, Fischer was questioned by Harris and Jarmon about an interaction he had with a police officer.   The officer had disagreed with Fischer's decision on a DUI case.   Fischer discussed the incident with Harris and Jarmon but was not reprimanded and was not told that he did anything improperly or inappropriate.

26.     During the time that Fischer worked under Harris, he did not receive any

4

performance reviews in oral or written form.

27.     On or about October 2, 2020, Fischer was terminated for allegedly being rude to a police officer during the September incident.   Fischer was called into a meeting that included Joe Gonzales, Daryl Harris, Melissa Barlow, Fischer, Lt. Crowder, and other investigators.   Fischer was told that he was rude and condescending to officers, attorneys, and staff.   He was told that nothing he could say would save his job.

28.     Fischer had not been told before this that his job was in jeopardy or that he was at risk of termination.

## V.
## DISCRIMINATION UNDER THE REHABILITATION ACT

29.     To the extent Defendant receives any federal funds, Plaintiff asserts a claim under the Rehabilitation Act for discrimination.

30.     Plaintiff hereby incorporates the preceding paragraphs for all purposes.

31.     Plaintiff is an individual with a disability, as defined by the REHABILITATION ACT, as amended, see 29 U.S.C. §705(20).

> (1) Plaintiff was disabled (actually disabled and/or "regarded as" disabled) due to his migraine headaches, headaches, depression, agitation, and anger control issues following his accident, which limited the major life activities of concentration, interacting with others, regulating his emotions, and seeing;
>
> (2) Plaintiff was qualified for the position of Assistant District Attorney;
>
> (3) Plaintiff suffered an adverse employment action in that he was terminated from his employment with Defendant; and
>
> (4) The circumstances arising out of Plaintiff's termination raise an inference of disability discrimination.

32.     Defendant violated the REHABILITATION ACT 29 U.S.C. §794(a), as amended, by

discriminating against Plaintiff because of his disability under any program or activity receiving Federal financial assistance. In doing so, Defendant intentionally and with deliberate indifference to Plaintiff's federally protected rights.

33.   Defendant's discriminatory acts violate 42 U.S.C. §1211 *et. seq.*, as amended, which are incorporated into the REHABILITATION ACT under 29 U.S.C. §794(d).

## VI.
## DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT, AS AMENDED AND THE TEXAS LABOR CODE

34.   The evidence will show that:

(1) Plaintiff was disabled (actually disabled and/or "regarded as" disabled) due to his migraine headaches, headaches, depression, agitation, and anger control issues following his accident, which limited the major life activities of concentration, interacting with others, regulating his emotions, and seeing;

(2) Plaintiff was qualified for his position of Assistant District Attorney;

(3) Plaintiff suffered an adverse employment action in that he was terminated; and

(4) The circumstances arising raise an inference of disability discrimination.

35.   The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

36.   The evidence will further demonstrate that other employees without disabilities and/or that were not regarded or perceived as disabled were treated more favorably than Mr. Fischer.

## VII.
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. §12203(a) 42 U.S.C. §2000e-3(a) AND THE TEXASW LABOR CODE

37.   The evidence will demonstrate that prior to his termination:

(1) Plaintiff engaged in protected activity when he requested accommodations

under the Americans With Disabilities Act and informed his employer of his conditions.   Plaintiff requested accommodations regarding lighting and informed his employer of the emotional and anger related limitations he had due to his condition.

(2) Plaintiff was subject to an adverse employment action when he was terminated by Defendant shortly after informing his new supervisor of his condition and restrictions.

(3) The protected activity caused the termination.

## VIII.
## WRONGFUL DISCHARGE AND RETALIATION
## IN VIOLATION OF THE TEXAS LABOR CODE 451.000 et seq

38.     Prior to his on-the-job injury, Plaintiff had faithfully served Defendant Bexar County in his capacity as an employee and faithfully performed all duties expected of him. Plaintiff alleges that because of his reports and reports of injury and request for treatment and the knowledge that Plaintiff was applying, in good faith, for Worker's Compensation Benefits, and/or instituted or caused to be instituted proceedings under the Workers' Compensation Act, Defendant retaliated against Plaintiff.   Plaintiff herein contends Defendant generally violated the spirit of and intent of the Labor Code, including 451.001,   in that Defendant discharged or otherwise discriminated or retaliated against Plaintiff by terminating Plaintiff because of Plaintiff's on the job injury and because of Plaintiff seeking workers' compensation benefits.

39.     Prior to Plaintiff's injury, Defendant had generally expressed no dissatisfaction with Plaintiff's job and performance.   Plaintiff alleges that this is a direct violation of the Texas Workers' Compensation Act, specifically TEX.   LAB.   CODE ANN § 451.001 (Vernon Pamp. 1994), formerly TEX.   REV.   CIV.   STAT.   ANN.   Article 8307(c) § 1 (Vernon Supp.   1991) and that Plaintiff is entitled to relief and damages pursuant to §§ 451.001, 451.002, and 451.003.

## IX.

**RESPONDEAT SUPERIOR**

40.     Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant and were at all times acting in the course and scope of that employment.   Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## X.
## DAMAGES

41.     Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

     (1) Lost wages, past and future;

     (2) Compensatory Damages, including Mental Anguish, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life suffered in the past, and which, in all reasonable probability, which will be suffered in the future;

     (3) Pecuniary losses.

     (4) Reasonable attorney fees, expert fees and costs.

     (5) Based upon the above enumerated damages, the Plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable.   In addition, he seeks equitable relief that could include, reinstatement, if feasible, and/or other equitable relief available under the statutes.

## XII.
## ADMINISTRATIVE FILINGS

42.    Plaintiff filed his original verified complaint with the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division dually alleging that the Defendant had committed and unlawful employment action against Plaintiff.

43.    Thereafter, Plaintiff received a Right to Sue letter the EEOC on his charge, giving Plaintiff notice of his right to sue Defendant within 90 days of its receipt, attached hereto as **Exhibit "A."** Plaintiff timely filed his Plaintiff's Original Complaint.


## XIII.
## ATTORNEY FEES

44.    Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining counsel.   Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

(1) Preparation and trial of the claim, in an amount the jury deems reasonable;

(2) Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

(3) An appeal to the Court of Appeals, in an amount the jury deems reasonable;

(4) Making or responding to an Application for Writ of Error to the Supreme Court, and attorneys' fees if application for Writ of Error is granted, in an amount the jury deems reasonable; and

(5) Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.


## XIV.
## JURY DEMAND

45.    Plaintiff further demands a trial by jury.   A jury fee has been tendered.

## XV.
## PRAYER FOR RELIEF

WHEREFORE, **JUSTIN FISCHER** requests **BEXAR COUNTY, TEXAS BY AND THROUGH ITS AGENT THE BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE**, be cited to appear and answer, and that on final trial, Fischer have judgment against Bexar County as follows:

(1) judgment against Bexar County for Fischer's actual damages, including lost wages and benefits (both front and back pay and/or equitable relief to include reinstatement, if feasible);

(2) judgment against Bexar for compensatory damages in the maximum amount allowed by law;

(3) pre-judgment and post-judgment interest at the maximum allowed by law;

(4) costs of suit, including attorneys' fees; and

(5) such other and further relief, both at law and in equity, to which Fischer may be justly entitled.

**Respectfully Submitted,**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone: (210) 212-7979**
**Facsimile: (210) 212-5880**

BY:   */s/ Adam Poncio*

**ADAM PONCIO**
**STATE BAR NO. 16109800**
**salaw@msn.com**
**ALAN BRAUN**
**STATE BAR NO. 24054488**
**abraun@ponciolaw.com**

**ATTORNEYS FOR PLAINTIFF**

10

# EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Justin Fischer<br>4106 Stathmore<br>San Antonio, TX 78229 | From: San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No.<br>451-2021-00454 | EEOC Representative<br>Hector Colon-Padro, Investigator | Telephone No.<br>(210) 640-7546 |
|---|---|---|

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____  1/28/2021
Travis G. Hicks, Director       (Date Mailed)

Enclosures(s)

cc:  **BEXAR COUNTY DISTRICT ATTORNEY OFFICE**
**Larry L. Roberson**
**Civil Division Chief**
**101 W. Nueva St.**
**San Antonio, TX 78205**

Justin Fischer
c/o Adam Poncio
**PONCIO LAW OFFICES**
5410 Fredericksburg Rd, Suite 109
San Antonio, TX 78229

RECEIVED  FEB 0 1 2021